# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHOCTAW EXPRESS MART, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-14-1227-HE |
| | ) | |
| EMPLOYERS MUTUAL CASUALTY | ) | |
| COMPANY; ED BERRONG | ) | |
| INSURANCE AGENCY, INC.; | ) | |
| NHI GENERAL ADJUSTERS; and | ) | |
| and GARY LUND, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Choctaw Express Mart, Inc. ("Choctaw Express") filed this action in state court against Employers Mutual Casualty Company ("Employers"), its insurer, NHI General Adjusters, an adjusting company, Gary Lund, an insurance adjuster, and Ed Berrong Insurance Agency, Inc. ("Berrong"), the insurance agency through which it purchased an insurance policy providing coverage for its property located in Oklahoma County, Oklahoma. Plaintiff asserted various claims based on alleged damage to its convenience store that occurred during a wind storm/hail storm in April 2013. Employers removed the action on the basis of diversity jurisdiction, asserting in the notice of removal that Berrong, a non-diverse defendant, had been fraudulently joined. After removal, Employers filed a partial motion to dismiss. Plaintiff and defendants later stipulated to the dismissal of plaintiff's claims against Berrong, NHI General Adjusters and Gary Lund without prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), leaving only plaintiff's claims against Employers. Plaintiff abandoned all its claims against

Employers, other than its breach of contract and bad faith claims. The court dismissed the bad faith claim, but granted plaintiff leave to amend it.

Plaintiff filed an amended complaint and Employers has again moved to dismiss plaintiff's bad faith claim pursuant to Fed.R.Civ.P. 12(b)(6). The issue is whether, accepting all well-pleaded factual allegations as true and viewing them in the light most favorable to plaintiff, *see* S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014), plaintiff has included in its complaint "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007).

The court previously rejected plaintiff's bad faith claim because its allegations offered little "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. While plaintiff alleged Employer had breached its duty to act in good faith and deal fairly with it by "[f]ailing to pay the full and fair amount for the property damage sustained," the court noted plaintiff had not pleaded any underlying facts, such as the amount plaintiff thought it should have been paid, the basis for its calculations, or the amount that was actually paid. In its amended complaint plaintiff filled in those specific gaps, stating that Employers "has paid only approximately $30,376.49 to date as insurance proceeds on the underlying claim," that "[p]laintiff's licensed Oklahoma General Contractor has estimated the repair costs to be $542,413.38," and that, by "underpaying to date by a factor of more than eighteen (18) as to the actual damages – over one and one-half years after the storm that caused the damage – the Defendant has unreasonably delayed paying all benefits owed." Doc. #21,

2

p. 5.  The rest of plaintiff's bad faith allegations are essentially identical to those the court previously rejected as insufficient to "raise [their] right to relief above the speculative level."  Twombly, 550 U.S. at 555.[1]

The problem with plaintiff's new allegations, as defendant points out, is that they do no more than state a claim for breach of contract – Employers has paid plaintiff less than what plaintiff's contractor says it will cost to complete the repairs.  Plaintiff argues that clearly an underpayment of the magnitude of $512.036.89 "is enough to bring a bad faith action."  Doc. #24, p. 4.  The court disagrees.  While that sum may be the estimated repair costs, all of the repairs may not be covered losses.  An insurer does not breach its implied duty to deal fairly and act in good faith with its insured merely by refusing to pay a claim or by litigating a dispute with its insured, so long as there is a legitimate dispute as to coverage or the amount of the claim, and the insurer's position is reasonable and legitimate.  Southern Hospitality, Inc. v. Zurich American Ins. Co., 393 F.3d 1137, 1142 (10th Cir. 2004).  Plaintiff simply has not pleaded sufficient facts to support an inference that Employers acted unreasonably.  While plaintiff alleges Employers delayed payment, the only apparent delay is Employers' delay in paying plaintiff the balance plaintiff claims it is owed.  Plaintiff does not allege Employers delayed paying it the amount Employers determined was due under the terms of the policy.

---

[1]The court notes that plaintiff has once again relied on Conley v. Gibson, 355 U.S. 41 (1957) and other cases that predate Twombly and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The Supreme Court rejected Conley's "no set of facts" language almost eight years ago in Twombly.

Plaintiff cites no authority in support of its argument that a disparity in payment alone is enough to allege bad faith. It attaches three orders to its response brief which, it asserts, "address[] the same argument raised by Defendant in this matter." Doc. #24, p. 3. However, in <u>Western Medical Park Owners v. United States Liability Ins. Group</u>, No. CIV-14-1266-C (W.D. Okla. Nov. 24, 2014) (Order disposing of motion to dismiss), the court noted that the defendant offered no argument challenging the plaintiff's bad faith claim. In <u>SAB One, Inc. v. The Travelers Indemnity Co. of Conn.</u>, No. CIV-14-1085-D (W.D.Okla. Dec. 5, 2014) (Order disposing of motion to dismiss), the court stated that, while "Plaintiff argues that its pleading sufficiently states a claim of insurer's bad faith, . . . Travelers does not seek dismissal of this claim." Doc. #24, Exhibit 1, p. 6 n.2. In other words, the court did <u>not</u> in <u>SAB One</u> address the issue of whether the plaintiff had adequately pleaded a bad faith claim. In <u>Checkers Truck Stop, Inc. v. Southern Ins. Co.</u>, No. CIV-14-1296-L (W.D.Okla. Feb. 2, 2015) (Order disposing of motion to dismiss), the defendant sought dismissal of the bad faith claim solely on the basis that the plaintiff had failed to allege an underlying breach of contract claim. <u>None</u> of these cases address the sufficiency of a plaintiff's bad faith allegations or support Choctaw Express Mart's position.

The court concludes the second amended complaint does not contain sufficient factual allegations to "nudge[]" plaintiff's bad faith claim "across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S at 570. Accusing defendant of "[i]ntentionally engaging in an outcome oriented investigation" or "[i]ntentionally

engaging in a systematic scheme designed to save money otherwise due and owing to the Plaintiff and other similarly situated insureds as a cost-saving mechanism" without some factual support simply is not sufficient. Doc. #21, p. 6. Stating that "[p]laintiff, through discovery, will seek additional information to prove Defendant's conduct is intentional and profit driven," Doc. #24, p. 4, also is not enough to get plaintiff past a motion to dismiss. "[O]ur pleading standard 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'" Jensen v. America's Wholesale Lender, 425 Fed. Appx. 761, 764 (10th Cir. June 9, 2011) (quoting Iqbal, 556 U.S. at 678-79). Conclusory allegations similar to those made in this case were rejected in Scheffler v. Am. Republic Ins. Co., 2012 WL 602187 (N.D. Okla. Feb. 23, 2012). They included assertions that the defendant had acted in bad faith by:

> A. Failing to promptly investigate Plaintiff's claim; B. Delaying payment to the Plaintiff; C. Intentionally misreading or misconstruing the insurance policy; D. Imposing burdensome documentation demands not required by the facts of the claim or the policy; and E. Other acts or omissions to be determined in discovery.

*Id.* at *3 (internal quotations omitted).

Having concluded plaintiff has again failed to state a bad faith claim, the question becomes whether it should be given another opportunity to amend, as it requests, or whether the claim should be dismissed with prejudice. The court recognizes that leave to amend is to be given freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). However, plaintiff was given the opportunity to amend and made minimal effort to correct the pleading deficiencies. Its neglect in that regard, against the backdrop of its repeated

5

refusal to acknowledge the correct pleading standard and its reliance on cases that do not address the issue before the court, weigh against allowing it yet another attempt to state a bad faith claim.[2] The court concludes two tries is enough. Plaintiff's bad faith claim will be dismissed with prejudice.

In its reply brief defendant also asks the court to dismiss plaintiff's claims of statutory violations. *See* Doc. #25, p. 4 n.1. Plaintiff alleged in the second amended complaint that defendant committed bad faith by violating the Unfair Claims Settlement Practices Act and not complying with obligations imposed by the Oklahoma Insurance Code. However, it did not allege separate claims based on defendant's asserted violations of those statutes or the Oklahoma Consumer Protection Act, so there is no separate statutory claim to dismiss.

Accordingly, defendant's partial motion to dismiss [Doc. #22] is **GRANTED** as to plaintiff's bad faith claim. Plaintiff's second cause of action for bad faith is dismissed with prejudice. The breach of contract claim remains for resolution.

**IT IS SO ORDERED**.

Dated this 9th day of March, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2] The court also notes that plaintiff's counsel has included the same, conclusory allegations in multiple cases filed in this district. *See e.g.*, SAB One, Inc. v. The Travelers Indemnity Co. of Conn., No. CIV-14-1085-D (W.D.Okla. Oct. 6, 2014), Doc. #1-5, pp. 5-6; Rivera v. Hartford Ins. Co., No. CIV-14-1082-HE (W.D. Okla. Oct. 6, 2014), Doc. #1-1, pp. 5-6; K2 Groceries, Inc. v. Emp'rs Mut. Ins. Co., No. CIV-14-1235-HE (W.D. Okla. Nov. 7, 2014), Doc. #1-1, pp. 5-6.